## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS L. BRYAN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. 3:07-cv-02121 |
| v. | : | |
| | : | |
| MICHAEL J. ASTRUE, | : | (JUDGE CAPUTO) |
| Commissioner of Social Security | : | |
| | : | (MAGISTRATE JUDGE MANNION) |
| Defendant. | : | |

### MEMORANDUM

Plaintiff, Thomas L. Bryan, brought this action for disability benefits pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3) on November 20, 2007, claiming that the Social Security Commissioner's denial of Plaintiff's claim for Disability Insurance Benefits ("DIB") under Titles II and XVI of the Social Security Act was not supported by substantial evidence. 42 U.S.C. §§ 401-433; 42 U.S.C. §§ 1381-1383(f).  (Compl. ¶¶ 2, 7, Doc. 1.)  The matter currently before the Court  is Magistrate Judge Malachy E. Mannion's Report and Recommendation of October 15, 2008, recommending that the appeal be denied.  (Report, Doc. 10.)   Plaintiff enumerated four (4) objections in response to the Report and Recommendation (Objections, Doc. 14) and provided the Court with a corresponding Brief in Support (Doc. 15).  Defendant filed a Brief in Response on November 11, 2008 (Doc. 15) and Plaintiffs filed their Reply Brief on December 3, 2008.  Accordingly, the matter has been fully briefed by all parties and is ripe for disposition.   As the Court finds that the Administrative Law Judge's ("ALJ") determinations are supported by substantial evidence, the Court will deny Plaintiff's objections, and adopt Magistrate Judge Mannion's Report and Recommendation denying the appeal.

**BACKGROUND**

Plaintiff filed an application for disability benefits under Titles II and XVI of the Social Security Act on November 1, 2004 alleging an inability to engage in substantial gainful employment as of April 13, 2003.  (R. 134-137.)  The Plaintiff's claims were initially denied and a hearing was held before Administrative Law Judge Douglas A. Abruzzo ("ALJ") on July 13, 2006 and continued until January 18, 2007.  (R. 30, 32-33.)  On March 13, 2007, the ALJ issued a decision denying Plaintiff's claims.  (R. 16-29.)  Plaintiff timely filed a request for review with the Appeals Council on May 12, 2007.  (R. 13-15.) On September 17, 2007 this request was denied by the Appeals Counsel.  (R. 5-7.)  On November 20, 2007 the Plaintiff filed an action with this Court pursuant to 42 U.S.C. § 405(g) seeking review of the denial of his application for disability benefits.  (Compl., Doc. 1.)  The case was referred to Magistrate Judge Mannion on November 21, 2007.  (Nov. 11, 2007 Order, Doc. 2.)  After Plaintiff and Defendant had the opportunity to submit briefs, Judge Mannion issued a report and recommendation on October 15, 2008 recommending that the Plaintiff's Complaint be denied.  (Report, Doc. 10.)  After receiving an extension of time to file, Plaintiff filed Objections to the Report and Recommendation (Doc 14) along with a supporting brief (Doc. 15) on November 18, 2008.  On November 26, 2008, the Defendant filed a Response and Brief in Response to Plaintiff's Objections (Doc. 16) and on December 3, 2008, Plaintiff filed his Reply Brief (Doc. 17).

The Plaintiff was fifty-nine (59) years old at the onset of the alleged disability, sixty-one (61) years old at the time of his initial administrative filing and was sixty-three (63) years old at the time of the administrative hearing.  (R. 132, 43.)  Plaintiff completed high school and has past relevant work experience as a production control/shipping clerk, packing

2

machine operator and as a tester. (R. 44, 85, 159.)  In his administrative complaints, the Plaintiff alleged disability based on numerous impairments involving his lower back, wrists in both arms, fingers, left elbow, both feet and ankles, eyesight, and lingering problems from coronary bypass surgery and stroke.   (R. 53-65, 152-152.)   The Plaintiff has also experienced impairments in his short-term memory and ability to concentrate. (R. 170-173.)

At the administrative hearing held on January 18, 2007, the Plaintiff testified that at the time he stopped working in April 2003 his most serious impairment was lower back pain that had been aggravated by an automobile accident in September 2002.  (R. 53-54.)  The Plaintiff had also suffered a head injury and a concussion in this accident.  (R. 316.)  The Plaintiff also testified that he had impairments in both of his wrists, hands, and fingers due to several fractures and severe arthritis.  (R. 55.)  Plaintiff further testified that he had fractured his left elbow and that, at the time he stopped working, he was experiencing complications from diabetes which caused pain and swelling in his feet and ankles and made it difficult for him to walk.  (R. 55, 56.)  The Plaintiff also noted that he was experiencing issues with his eyesight due to glaucoma.  (R. 56-57.)  The Plaintiff has a history of high blood pressure, and in 1995 had coronary bypass surgery during which surgery he suffered a stroke.  (R. 59-60, 63, 285.)  The Plaintiff also stated that following his auto accident in September 2002, he has experienced a ticking sound in his left ear that has made it difficult for him to sleep more than two or three hours per night.  (R. 64, 171, 271-272.)

Plaintiff testified that these impairments impacted his ability to perform ordinary tasks both at home and at work.  He testified that he had difficulty tying his shoes, fastening buttons and using zippers because of the pain, swelling, and numbness in his wrists, hands and fingers.  (R. 65, 170.) He also had difficulty holding pieces of paper, and often dropped

3

them because he could not feel them in his hands.  (R. 77-78.)  Plaintiff was able only to pick up small objects with his left, non-dominant hand.  (R. 78)  Because of these problems with his wrists, hands and fingers, and also because of the continuing impairments to his lower back, the Plaintiff stated that he was unable to do things such as sweep, mop or vacuum a floor, do laundry, take out garbage, mow the lawn, trim hedges or cut flowers.  (R. 66-69, 168-169.)  Plaintiff added that, due to the pain and loss of dexterity in his hands, he was unable to pursue his hobbies of woodworking and hunting.  (R. 72, 82-83, 169.)

Throughout the administrative proceedings, the Plaintiff produced several medical records and opinions from his treating physicians.  This evidence details the various treatment regimens that Plaintiff has pursued for his back impairments (R. 386-387, 401, 406, 411-423, 476, 494-498) and the impairments to his arms, wrists, hands and fingers (R. 323, 425-430, 486, 490-493).

Vocational Expert ("VE"), Mitchell Schmidt, testified at the administrative hearing on January 18, 2007 concerning the nature of work typically performed in the positions previously held by the Plaintiff.   (R. 84-98.)   The VE based his testimony on his understanding of essential job duties, as described in The Dictionary of Occupational Titles, for the positions that Plaintiff had previously held.  The VE, thus, classified Plaintiff's past position as a Production Control Person as the equivalent of a shipping clerk, a light duty, semi-skilled position (R. 85-86), stated that Plaintiff's position as a Packing Machine Operator was a medium duty, unskilled position (R. 86), and stated that Plaintiff's position as an Electronics Tester was a light duty, semi-skilled position (R. 86-87).  The VE further noted that some of the duties that the Plaintiff had described in his testimony, such as lifting certain objects, pushed the duties of the Production Control and Electronics Tester positions

4

into the medium duty range.  The ALJ examined the VE with a series of hypothetical questions and the VE testified that the Plaintiff would be capable of performing in his prior positions of Production Control Person, Packing Machine Operator, and Tester.  (R. 87-89.)

On March 13, 2007, the Administrative Law Judge issued a decision denying Plaintiff's benefits based on the ALJ's review of Plaintiff's medical history and testimony presented at the administrative hearing.  (R. 19-29.)  After his timely appeal of the ALJ's decision was denied by the Appeals Council, Plaintiff filed a Complaint in this Court seeking review of the ALJ's decision.  After the case was referred to Magistrate Judge Mannion, Plaintiff argued that the ALJ had made four (4) errors when denying Plaintiff's disability benefits.  First, Plaintiff argued that the substantial evidence of the record did not support the ALJ's finding that Plaintiff's wrist and hand pain did not constitute a severe impairment. Second, Plaintiff argued that the ALJ committed reversible error when he rejected the opinion of Plaintiff's treating physician.  Third, Plaintiff argued that the substantial evidence of the record did not support the ALJ's determination that Plaintiff's subjective testimony was not fully credible.  And finally, Plaintiff argued that the ALJ erred when it relied upon the Vocational Expert's opinion that Plaintiff can perform the work in his past positions because the Vocational Expert gave this opinion in response to a question not incorporating all of Plaintiff's impairments.  Magistrate Judge Mannion reviewed each of these arguments and the corresponding documentation and testimony from the administrative proceedings and, on October 15, 2008, issued a Report and Recommendation that Plaintiff's appeal be denied and finding that substantial evidence supported the ALJ's decision on all four of these issues.

Plaintiff filed his Objections to the Magistrate Judge's Report and Recommendation

on November 18, 2008. (Doc. 14.) In his objections, Plaintiff first argues that the Magistrate Judge failed to apply the correct standard for assessing the treating physician's opinion with respect to Plaintiff's wrist and hand impairments. (*Id.* ¶ 1.) Second, the Plaintiff argues that the Magistrate Judge erred when finding that substantial evidence supported the ALJ's recommendation with respect to the weight that should be afforded to the opinion offered by the Plaintiff's treating physician. (*Id.* ¶ 2.) Third, the Plaintiff argues that the Magistrate Judge erred when finding that substantial evidence supported the ALJ's determination that the Plaintiff's testimony was not fully credible. (*Id.* ¶ 3.) And finally, Plaintiff argues that the Magistrate Judge erred when determining that the ALJ's questioning of the Vocational Expert during the administrative hearing did incorporate all of Plaintiff's various impairments, even though Plaintiff's wrist impairments were not included as part of this questioning. (*Id.* ¶ 4.) The Plaintiff filed a supporting brief on November 18, 2008 (Doc. 15), and Defendant filed a Response and supporting brief on November 11, 2008 (Doc. 16). Plaintiff filed his Reply Brief (Doc. 17) on December 3, 2008.

## STANDARD OF REVIEW

### A.    Review of Magistrate Judge's Report and Recommendation

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829

F. Supp. 736, 738 (M.D. Pa. 1993).  Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994).  Uncontested portions of the report may be reviewed at a standard determined by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7.  At the very least, the Court should review uncontested portions for clear error or manifest injustice.  *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

### B.    Review of Social Security Administration's Findings

The factual findings of the Social Security Administration must be deemed conclusive unless the reviewing court finds that they are not supported by substantial evidence.  42 U.S.C. § 405(g); *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981).  Substantial evidence means "such relevant evidence as a reasoning mind might accept as adequate to support a conclusion." *Lewis v. Califano*, 616 F.2d 73, 76 (3d Cir. 1980); 42 U.S.C. s 405(g)." *Id.* Substantial evidence is more than a mere scintilla of evidence but less than a preponderance. *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988). Substantial evidence has also been described as enough evidence to withstand a directed verdict motion where the disputed proposition is one of fact for the jury.  *See NLRB v. Columbian Enameling & Stamping Co.*, 306 U.S. 292, 300, 59 S.Ct. 501, 505 (1939); *Olsen v. Schweiker*, 703 F.2d 751, 753 (3d Cir. 1983).

A single piece of evidence is not substantial evidence if the Commissioner ignores countervailing evidence or fails to resolve a conflict created by this evidence.  *Mason v.*

*Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993).  However, in an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the decision] from being supported by substantial evidence."  *Consolo v. Federal Maritime Comm'n*, 383 U.S. 607, 620 (1966).

To facilitate review of the Commissioner's decision under the substantial evidence standard, the Commissioner's decision must be accompanied by "a clear and satisfactory explication of the basis on which it rests."  *Cotter*, 642 F.2d at 704.  Conflicts in the evidence must be resolved and the Commissioner must indicate which evidence was accepted, which evidence was rejected, and the reasons for rejecting that evidence.  *Id.* at 706-07.  In determining if the Commissioner's decision is supported by substantial evidence, the Court must scrutinize the record as a whole.  *Smith v. Califano*, 637 F.2d 968, 970 (3d Cir. 1981).

## DISCUSSION

### I.    Disability Benefits

In order to receive disability benefits, the Plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 432(d)(1)(A).  Section 432 further states that:

> [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists

8

> in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.  For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. § 432(d)(2)(A).

## II.   Evaluation Process

A five-step evaluation process is used to determine if a person is eligible for disability benefits.  *See* 20 C.FR. § 404.1520.  *See also Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999); *Sassone v. Soc. Sec. Comm.*, 165 Fed. App'x 954 (3d Cir. 2006) (non-precedential).  If the Commissioner finds that the Plaintiff is not disabled within the meaning of the law, review does not proceed any further.  20 C.F.R. §§ 404.1520, 416.920.

First, the plaintiff must establish that he has not engaged in "substantial gainful activity."  *See* C.F.R. §§ 404.1520(b), 416.920(b).  Second, an evaluation is performed to determine whether the plaintiff has a severe impairment.  *See* C.F.R. §§ 404.1520(c), 416.920(c).  Third, the Social Security Commissioner determines whether the impairment or a combination of impairments meets or equals those listed in Appendix 1, Subpart P, Regulation Number 4.

 Fourth, if the plaintiff's impairment does not meet or equal a listed impairment, the Commissioner must continue with the evaluation process and determine whether the plaintiff has established that he is unable to perform his past relevant work.  *See* 20 C.F.R. §§ 404.1520(e), 416.920(e).  The plaintiff bears the burden of proof that he is unable to return to his past relevant work.  *Plummer*, 186 F.3d at 428.  Fifth, and finally, the Commissioner

must demonstrate that other jobs exist in significant numbers in the national economy that the plaintiff is able to perform, consistent with his medically determinable impairments, functional limitations, age, education, and past working experience in step five.  20 C.F.R. §§ 404.1520(f), 416.920(f).  In conducting this inquiry, the Commissioner is to consider the plaintiff's stated vocational factors.  20 C.F.R. §§ 404.1520(f), 416.920(f).

### III.    Objections

#### A.    Objection I

Plaintiff's first Objection concerns Magistrate Judge Mannion's finding that substantial evidence supports the ALJ's determination that Plaintiff's wrist impairments were "non-severe."  Specifically, Plaintiff argues that the Magistrate Judge failed to apply the correct standard for assessing the treating physician's opinion at "Step 2" of the sequential evaluation process and also failed to consider non-contemporaneous medical evidence of Plaintiff's wrist impairments. (Pl.'s Object., Doc. 14 ¶ 1.)

"[T]he burden placed on an applicant at Step 2 (of the Sequential Disability Evaluation) is not an exacting one."  *McCray v. Commissioner of Social Security Administration*, 370 F.3d 357, 360 (3d Cir. 2004).  Instead,

> The step-two inquiry is a *de minimis* screening device to dispose of groundless claims.  An impairment or combination of impairments can be found "not severe" only if the evidence establishes a slight abnormality or a combination of slight abnormalities which have "no more than a minimal effect on an individual's ability to work."  Only those claimants with slight abnormalities that do not significantly limit any "basic work activity" can be denied benefits at step two.  If the evidence presented by the claimant presents more than a "slight abnormality," the step-two requirement of "severe" is met, and the sequential evaluation process should continue. Reasonable doubts on severity are to be resolved in favor of the claimant.

*Newell v. Commissioner of Social Security*, 347 F.3d 541, 546-547 (3d Cir. 2003) (citations

10

omitted).  "[T]he adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment."  *Id.* at 547 (quoting SSR 96-7p, 1996 SSR LEXIS 4, at *22).

The ALJ noted in his step-two analysis that the Plaintiff did not receive treatment for his wrist impairment at any time since his alleged onset of disability.  (R. 23.)  Furthermore, the ALJ noted that the progress notes of Plaintiff's treating physician, Dr. Hester, did not substantiate the information that Dr. Hester provided when filling out a residual functional capacity questionnaire on January 16, 2007. (R. 23.)  In the questionnaire, Dr. Hester indicated that the Plaintiff would experience life-long problems with grasping, turning or twisting objects and would never be able to use his fingers for delicate manipulations and would have difficulty performing tasks that required Plaintiff to raise his arms above his head. (R. 430.)  The ALJ, however, noted that Dr. Hester's progress notes and reports did not contain any references to Plaintiff having trouble holding objects. (R. 23).  Furthermore, the ALJ noted that Dr. Hester never referred Plaintiff for further diagnostic tests or specialists for his wrist problems.  (R. 23.)  The ALJ, accordingly, found that the Plaintiff's wrist injuries had only a *de minimus* impact on his ability to perform basic work and is not a "severe" disabling impairment.  (R. 23.)  On review, Magistrate Judge Mannion agreed with the ALJ's determination, stating that "[t]he plaintiff has failed to set forth evidence that establishes that his wrist impairment significantly limits his ability to do basic work activities." (Report, Doc. 10, at 9.)

In his brief in support of his Objections, the Plaintiff argues that "[t]he Magistrate

Judge fails. . . to explain why the medical records on or before May 15, 2002 should not be considered. These records consist of treatment records for Plaintiff with Dr. Hester as early as January of 1999 with documentation of past surgery on Plaintiff's right wrist and complaints of arthralgias in his wrists with repetitive motion." (Br. in Supp., Doc. 15, at 8.) Plaintiff further notes that in October of 2001, Dr. Hester noted decreased bilateral wrist flexation and, in May 2002, sent a letter to Plaintiff's employer detailing Plaintiff's limitations resulting from his wrist arthritis. (*Id.* at 9.) Dr. Hester sent an additional letter dated January 22, 2007, confirming that Plaintiff's limitations continuously applied since May 15, 2002. (*Id.*) Plaintiff also provided testimony concerning his wrist pain and the resulting limitations.

After reviewing the Magistrate Judge's Report, along with the decision of the ALJ and the considerable supporting materials available in this case, the Court believes that the ALJ's finding that Plaintiff's wrist impairments were "non-severe" was based upon substantial evidence. In the Court's view, the medical evidence presented in this case shows that Plaintiff has a history of wrist injuries, but was not receiving treatment for wrist-related injuries from Dr. Hester at any time during the claim period. Furthermore, nothing in the presented evidence suggests that Plaintiff sought treatment for his wrist injuries from any other physician or specialist. In addition to the apparent contradictions between Dr. Hester's various notes and reports that the ALJ relied upon when reaching his decision, the Court observes that submitted reports and progress notes from Plaintiff's treating physicians and physical therapists suggest that Plaintiff was performing tasks that Dr. Hester indicated Plaintiff could not perform because of his wrist issues. Notably, progress notes from Plaintiff's physical therapist impart that, in July and August of 2003, Plaintiff strained his back when he was lifting lumber (R. 207), was doing "a lot of woodworking" (R. 209), and was

building a house (*Id.*).

Thus, the Court finds that Dr. Hester's opinion that Plaintiff was unable to perform virtually any task involving his hands is not supported by the objective evidence that has been provided to the Court.  Since the Court finds that the ALJ's decision is supported by substantial evidence, and finds no error in the Magistrate Judge's statement or review of the case with respect to this issue, Plaintiff's appeal on this ground will be denied.

B.    Objection II

Plaintiff also objects to the Magistrate Judge's finding that substantial evidence supported the ALJ's determination that the opinion of Plaintiff's treating physician was afforded appropriate weight.   Plaintiff argues that no contradictory medical evidence support's the ALJ's rejection of this opinion.

> A cardinal principle guiding disability eligibility determinations is that the ALJ accord treating physicians' reports great weight, especially "when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time." Where. . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit but "cannot reject evidence for no reason or for the wrong reason." The ALJ must consider the medical findings that support a treating physician's opinion that the claimant is disabled. In choosing to reject the treating physician's assessment, an ALJ may not make "speculative inferences from medical reports" and may reject "a treating physician's opinion outright only on the basis of contradictory medical evidence" and not due to his or her own credibility judgments, speculation or lay opinion.

*Morales v. Apfel*, 225 F.3 310, 317-318 (3d Cir. 2000) (citations omitted).

In this case, Dr. Hester had been the Plaintiff's primary care physician for nearly ten (10) years and had examined the Plaintiff every six months during this period.  (R. 426.) However, in his decision, the ALJ determined that Dr. Hester's opinions should not be provided controlling weight.  (R. 26.)  The ALJ stated that he based this decision on several

13

factors.

> First, this physician specializes in internal medicine and no specialist such as an orthopedist or neurologist has provided any limitations.  On the contrary, the claimant's orthopedist reported in June 2005 the claimant was limited to "light activity."  Second, the physician did not provide any evidence to substantiate his opinion.  Third, the clinical and objective findings from physical examinations have revealed the claimant does not experience any significant limitations.  Fourth, the claimant's activities of daily living and history of treatment are inconsistent with an individual who experiences such debilitating symptoms.

(R. 26-27.)

On review, Magistrate Judge Mannion reviewed the record, including the ALJ's four articulated reasons why Dr. Hester's opinion should not have controlling weight, and found that there was "substantial evidence to support a determination that the ALJ afforded appropriate weight to the opinion of the [sic] Dr. Hester."  (Report, at 13.)

The Court agrees with the Magistrate Judge's finding.  "An ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, but may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided." *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999) (citing *Newhouse v. Heckler*, 753 F.2d 283, 286 (3d Cir. 1984)).  Here, the record indicates that the ALJ reviewed all of the evidence, including Dr. Hester's reports and notes, but determined that Dr. Hester's opinions were substantially contradicted by other treating physicians and Plaintiff's behavior.  The Court agrees with the ALJ's assessment of the evidence presented, and finds no manifest error in either the statements and findings of the ALJ or Magistrate Judge with respect to this issue.

In addition to the arguments concerning the weight afforded to Dr. Hester's opinion, Plaintiff also argues that Magistrate Judge Mannion erred when he ignored the opinion of Dr.

Allat, a rehabilitation specialist who examined Plaintiff on June 6, 2007.  This report was submitted after the ALJ had already issued a decision on Plaintiff's claim, and thus, was not a factor in the ALJ's evaluation of this case.  Similarly, even though the Dr. Allat's report was included in the record before Magistrate Judge Mannion, the report is not mentioned in the Report and Recommendation currently before the Court and, ostensibly, did not factor into Judge Mannion's review.

The Court has reviewed Dr. Allat's report and finds that it largely corroborates the information provided in the various opinions submitted by Dr. Hester.  In particular, the Court notes that Dr. Allat stated his professional opinion that Plaintiff "is functionally disabled for the performance of competitive labors for which he is dually experienced and qualified." (R. 497.)  However, the Court does not agree with Plaintiff's characterization that "there is absolutely no medical evidence of record contrary to the findings and opinions of Drs. Hester and Allat." (Pl.'s Br. in Supp., at 11.)  As already discussed in this and the prior section of this memorandum, the ALJ found that the entirety of the record presented in this case contains substantial evidence contrary to Dr. Hester's opinions.  This contrary evidence includes a report from Plaintiff's orthopedist imparting that Plaintiff could perform "light activities" (R. 28, 476), physician reports indicating that Plaintiff suffered from no significant limitations (R. 28, 307, 311), and observations that Plaintiff's activities are inconsistent with the severity of disability described in the reports (R. 28, 207, 209, 213, 237, 366, 400, 401). As the Court agrees with the ALJ and Magistrate Judge's finding that Dr. Hester's reports should not have been afforded controlling weight in this case and, similarly, finds that the report from Dr. Allat is contradicted by substantial evidence, Plaintiff's appeal on this ground will be denied.

15

C.     Objection III

In his third objection, Plaintiff argues that the Magistrate Judge erred when accepting the ALJ's determination that the Plaintiff's testimony was not fully credible.  According to Plaintiff, the ALJ's determination was the result of significant mischaracterizations of Plaintiff's testimony.

An ALJ "is empowered to evaluate the credibility of witnesses. . .." *Van Horn v. Schweiker*, 717 F.2d 871, 873 (3d Cir. 1983)(citing *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975)).  Furthermore, when credibility determinations made by the ALJ are supported by substantial evidence, those credibility determinations will not be disturbed on appeal.  *Id.*

During the administrative hearing, Plaintiff testified that he has back, hip and wrist pain, along with high blood pressure and "heart flutters."  (R. 53, 55, 58, 62, 63.)  He further stated that he experienced numbness in his hands, gets dizzy, and experiences a ticking noise in his left ear.  (R. 63-66.)  In his review, the ALJ examined the Plaintiff's daily activities, and noted that, in October 2003, Plaintiff informed his physician that he had been lifting heavy boards the prior day.  (R. 26.)  The ALJ also noted that in January 2005, Plaintiff told his physician that he performed limited driving, cooking and household tasks like taking out the garbage. (*Id.*)  The ALJ determined that this testimony concerning Plaintiff's daily activities was inconsistent with his allegations of total disability.  (R. 26.)  In particular, the ALJ noted that the evidence presented suggested that the Plaintiff does not lead a sedentary lifestyle and that Plaintiff's treatment history was inconsistent with that of a totally disabled individual.  (R. 26-27.)

Magistrate Judge Mannion noted the ALJ's determination concerning the credibility

16

of Plaintiff's testimony, and conducted a detailed review of progress notes and reports from Dr. Bailey, the orthopedist providing treatment for Plaintiff's back injuries. (Report, at 15-18.) In this review, the Magistrate Judge noted several instances where Dr. Bailey's notes indicate that Plaintiff was not in acute distress, walked with a steady gait, was able to stand on his toes and heels, and experienced significant reductions in leg pain following surgery. (*Id.*)  Based on this review, the Magistrate Judge found that the "record reflects that the plaintiff suffers from some limitation as a result of his impairments, however substantial evidence supports the ALJ's credibility fining and his [residual functional capacity] finding that plaintiff remains capable of performing light duty work with restrictions."

In the Court's view, the evidence cited by both the ALJ and the Magistrate Judge is substantial and supports the ALJ's credibility findings.  Since the ALJ's credibility determinations are supported by substantial evidence, the Court will not disturb those determinations and Plaintiff's appeal on this ground will be denied.

D.     Objection IV

Plaintiff's fourth and final objection argues that the Magistrate Judge erred when finding that the hypothetical questions presented by the ALJ to the Vocational Expert incorporated all of Plaintiff's impairments because these questions concerning limitations from the Plaintiff's wrist impairments were not included.

The Third Circuit Court of Appeals has stated that a "vocational expert's testimony may only be considered for purposes of determining disability if the question accurately portrays the claimant's individual and mental impairments." *Podedworny v. Harris*, 745 F.2d 210, 218 (3d Cir. 1984).  "Where there exists in the record medically undisputed evidence of specific impairments not included in a hypothetical question to a vocational expert, the

expert's response is not considered substantial evidence." *Burns v. Barnhart*, 312, F.3d 113, 123 (3d Cir. 2002).

On review, the Magistrate Judge found that the hypothetical questions posed to the vocational expert included all of Plaintiff's limitations as supported by the record regarding the relevant time period. (Report, at 19.) The Magistrate Judge specifically stated "the ALJ considered the plaintiff's wrist, hand and finger impairments when making his RFC determination. The RFC is used to determine whether the plaintiff can perform his past relevant work and whether the plaintiff can do any other work in the national economy." (*Id.*) Thus, "the VE's response to the questions, identifying that the plaintiff's past relevant jobs of shipping order clerk, tester and packing machine operator, as work the Plaintiff could perform, constitutes substantial evidence in support of the ALJ's determination that the plaintiff was not disabled under the Act." (*Id.* at 19-20.)

The Court agrees with the Magistrate Judge's finding. As previously discussed, the ALJ determined that substantial evidence implied that Plaintiff's wrist problems were "non-severe." The ALJ need not "submit to the vocational expert every impairment alleged by a claimant." *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005). Rather, "the hypotheticals posed must 'accurately portray' the claimant's impairments and that the expert must be given an opportunity to evaluate those impairments 'as contained in the record.'" *Id.* In short, the ALJ need only "convey to the vocational expert all of a claimant's *credibly established limitations*." *Id.* (emphasis in original). As already discussed in greater detail, the Court finds that the ALJ cited substantial evidence contradicting Plaintiff's claim that his hand and wrist ailments constituted severe limitations. Accordingly, since these limitations were

18

not credibly established, the ALJ was not required to include them in the hypothetical questions presented to the VE.  In the Court's view, the hypothetical questions presented to and answered by the VE accurately portrayed the limitations credibly established by the evidence presented in this case.  Accordingly, Plaintiff's appeal on this ground will be denied.

## CONCLUSION

As the Court has found that substantial evidence supported the ALJ's determinations with regard to (1) Plaintiff's wrist injuries, (2) the appropriate weight to afforded the opinions of Plaintiff's treating physician, (3) the credibility of Plaintiff's testimony, and (4) the appropriate questions to present the vocational expert, the Court will adopt Magistrate Judge Mannion's recommendation and deny Plaintiff's appeal.

An appropriate order follows.


 March 12, 2009                                          /s/ A. Richard Caputo
Date                                                    A. Richard Caputo
                                                        United States District Judge

19

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

THOMAS L. BRYAN,             :
                                        :
      Plaintiff,              :
                                          :     CIVIL ACTION NO. 3:07-cv-02121
           v.                :
                                          :
MICHAEL J. ASTRUE,         :     (JUDGE CAPUTO)
Commissioner of Social Security  :
                                          :     (MAGISTRATE JUDGE MANNION)
      Defendant.          :

## ORDER

**NOW**, this <u>12th</u> day of March, 2009, after consideration of Magistrate Judge Mannion's Report and Recommendation recommending that the Plaintiff's appeal be denied (Doc. 10), and of Plaintiff's objections to the Magistrate Judge's Report (Doc. 14), **it is hereby ORDERED** that:

1.    Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (Doc. 14) are **OVERRULED**.

2.    The Report and Recommendation (Doc. 10) is **ADOPTED**.

3.    Plaintiff's appeal of the Commissioner's decision is **DENIED.**

4.    The Clerk of the Court is to mark the matter in this Court **CLOSED**.


                                           /s/ A. Richard Caputo
                                      A. Richard Caputo
                                      United States District Judge