# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

THOMAS L. BRYAN,

    Plaintiff,

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

CIVIL ACTION NO. 3:07-CV-2121

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is plaintiff Bryan's ("Bryan") motion for attorneys' fees (Doc. 24) pursuant to the Equal Access to Justice Act ("EAJA"). Defendant Astrue argues that plaintiff is not entitled to attorneys' fees because the government's position was "substantially justified." Because the court agrees with defendant's position, the motion for attorneys' fees will be denied.

## BACKGROUND

Bryan applied for Social Security Disability Insurance ("SSDI") benefits on October 2, 2004, alleging that he required disability benefits as of April 13, 2003. Bryan's disability claim was allegedly based on: heart by-pass surgery, stroke, glaucoma, arthritis of the wrists, degenerative disc disease in his back, diabetes, high cholesterol, hypertension, memory problems, and 'ticking' in the left ear. Bryan's claim was denied and a hearing was held before Administrative Law Judge Douglas A. Abruzzo on July 13, 2006 and continued on January 18, 2007. On March 13, 2007, the ALJ denied Bryan's claim on the ground that only one of Bryan's ailments – the degenerative disc disease – constituted a "severe impairment," and despite that impairment Bryan retained a "residual functional capacity" to undertake certain types of work. Bryan sought review of this decision from the Appeals

Council of the Social Security Administration, which denied the request on September 17, 2007. On November 20, 2007, Bryan filed the instant suit, seeking review of the denial of his application for benefits. Magistrate Judge Mannion issued a Report and Recommendation ("R&R") on October 15, 2008, recommending denial of Bryan's complaint. This Court adopted the R&R by order on March 12, 2009. Bryan then filed an appeal with the Third Circuit.

On appeal, the Third Circuit, while affirming the majority of the ALJ's findings, remanded for further consideration of the effect of Bryan's back impairment on his residual functional capacity. *Bryan v. Comm'r of Soc. Sec.*, 383 Fed. Appx. 140 (3d Cir. 2010). The Third Circuit held that the ALJ, in making his determination that Bryan's degenerative disc disease did not bar Bryan from engaging in past forms of employment, did not properly take account of Bryan's testimony regarding his daily activities. The Third Circuit also held that the ALJ did not mention the medical evidence that directly contradicted the ALJ's conclusion that Bryan was no longer suffering from significant pain.

Following this ruling, on September 29, 2009, Mark S. Weaver, Esq., counsel for Bryan, filed a Petition for Attorneys' Fees under the EAJA. The petition claims that Mr. Weaver and Sarah H. Bohr, Esq., are entitled to twenty-two thousand three-hundred and sixty dollars and seventy-four cents ($22,360.74) in attorneys' fees, as well as four-hundred and sixty-six dollars and sixty-four cents ($466.64) in expenses and eight-hundred and five-dollars ($805.00) in filing fees. Commissioner Astrue then filed a brief opposing the motion on the ground that the government's position was "substantially justified," or, in the alternative, that plaintiff's counsel's stated fees were excessive and should be significantly reduced.

**DISCUSSION**

The motion for attorneys fees pursuant to the EAJA will be denied because the position taken by the government was "substantially justified."

"[T]he essential objective of the EAJA [is] to ensure that persons will not be deterred from seeking review of, or defending against, unjustified governmental action because of the expense involved in the vindication of their rights...." *Clarke v. INS*, 904 F.2d 172, 178 (3d Cir.1990) (internal quotation omitted). The EAJA thus provides, in pertinent part, as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphases added).  The Supreme Court has held that, as used in the EAJA, to be "substantially justified," the government's position need not be "correct", or even "justified to a high degree." *Pierce v. Underwood*, 487 U.S. 552, 565, 566 n. 2 (1988). Rather, the government must simply have a "reasonable basis in both law and fact" or be "justified in substance or in the main-that is, justified to a degree that could satisfy a reasonable person." *Id.* (internal quotation marks omitted) Thus, "[a] court must not assume that the government's position was not substantially justified simply because the government lost on the merits." *Kiareldeen v. Ashcroft*, 273 F.3d 542, 554 (3d Cir.2001). "The EAJA is not a 'loser pays' statute"; rather, courts should limit their inquiries to whether the government's position was reasonable under the facts and the law." *Morgan v. Perry*,

142 F.3d 670, 685 (3d Cir. 1998).

To defeat a prevailing party's application for fees, the government must establish that there is substantial justification for its position by demonstrating "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Morgan*, 142 F.3d at 684 (internal citation omitted).

The government's position consists of both its prelitigation agency position and its litigation position. As other circuits have recognized, when determining whether the government's position is substantially justified, "we must ... arrive at one conclusion that simultaneously encompasses and accommodates the entire civil action." *Williams v. Astrue*, 600 F.3d 299, 302 (3d Cir. 2009) (quoting *Jackson v. Chater*, 94 F.3d 274, 278 (7th Cir.1996)).

In this case, the Third Circuit affirmed the R&R's findings regarding Bryan's cardiac condition, diabetes, glaucoma, tinnitus in the left ear, wrist conditions, and emotional problems. *Bryan*, 383 Fed. Appx. at 151. However, the court remanded on the issue of his degenerative disc disease, essentially on the grounds that the ALJ did not properly take into account Bryant's testimony regarding how his back problems affect his daily activities. Applying the three-part *Morgan* test for determining substantial justification, the Court finds the government position substantially justified.

First, the government's position had a reasonable basis in truth for the facts alleged. The ALJ, in making his findings, reviewed all of the medical evidence, including medical history, doctors' reports, and plaintiff's testimony. Both the Magistrate Judge and this Court found that the Social Security Agency's position was supported by "substantial evidence,"

4

and upheld the ALJ's ruling over plaintiff's objections. Although the Third Circuit remanded on the degenerative disc issue, that was only *one* out of *seven* of the ALJ's conclusions confirmed in the Magistrate Judge's R & R.

The Court next turns to whether the government's position had a reasonable basis in law. The government's position was that the ALJ, in choosing not to give significant weight to the plaintiff's subjective testimony when it was contradicted by the medical evidence, had discretion to make its own evaluation as to plaintiff's condition based on the medical records. *LaCorte v. Bowen*, 678 F.Supp. 80, 83 (D.N.J. 1988). In *LaCorte*, a District of New Jersey court held:

> The ALJ must give serious consideration to the plaintiff's subjective complaints of pain, even when those assertions are not fully confirmed by objective medical evidence. *Welch v. Heckler*, 808 F.2d 264, 270 (3d Cir.1986). The ALJ, though, is not obliged to accept without question the credibility of such subjective evidence. *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir.1979). The ALJ has discretion "to evaluate the credibility of a claimant and to arrive at an independent judgment in light of medical findings and other evidence regarding the true extent of the pain alleged by the claimant." *Brown v. Schweiker*, 562 F.Supp. 284, 287 (E.D.Pa.1983), *quoting*, *Bolton v. Secretary of HHS*, 504 F.Supp. 288 (E.D.N.Y.1980).

*LaCorte v. Bowen*, 678 F.Supp. 80, 83 (D.N.J. 1988). However, here, in reviewing the ALJ's findings, the Third Circuit, citing *Burnett v. Comm'n of Soc. Sec. Admin.*, stated that the ALJ, in making his residual functional capacity decision, was under an obligation to evaluate *all* the evidence before him, including plaintiff's testimony that contradicted the ALJ's findings. 220 F.3d 112, 121 (3d Cir. 2000). The Court finds that the government's legal position, while perhaps not completely correct, was *reasonable*. While the ALJ could have more adequately addressed plaintiff's testimony that contradicted his findings, the government's legal position as to the ALJ's discretion was well-grounded in the case law.

*See LaCorte, supra*.

Finally, the Court finds a reasonable connection between the facts alleged and the legal theory relied on by the government. As mentioned above, the ruling of the ALJ was affirmed by both the Magistrate Judge as well as this Court. Further, while the Third Circuit did remand on the issue of plaintiff's degenerative disc problem, that was only *one* out of *seven* findings it reviewed. Although these facts are not dispositive to determining whether the government's position was "substantially justified," they clearly support the overall reasonableness of the government's position. Although the ALJ should have directly addressed Plaintiff's testimony that contradicted the ALJ's findings, if only to dismiss it, neither his findings, nor the government's legal support for these findings, was unreasonable. While the government's position with respect to how the degenerative disc issue was treated by the ALJ might not have been totally correct, the Court does find a *reasonable* connection between the truth of the facts it asserted and the law it relied on.

## **CONCLUSION**

For the reasons stated above, plaintiff Bryan's motion for attorneys' fees (Doc. 24) will be denied.

An appropriate order follows.

| | |
|---|---|
| 5/16/11 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THOMAS L. BRYAN, | |
| Plaintiff, | CIVIL ACTION NO. 3:07-CV-2121 |
| | (JUDGE CAPUTO) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

## **ORDER**

**NOW**, this ___16th___ day of May, 2011, **IT IS HEREBY ORDERED** that plaintiff Bryan's motion for attorneys' fees (Doc. 24) is **DENIED**.


        /s/ A. Richard Caputo
        A. Richard Caputo
        United States District Judge